**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2729-WJM-CBS

LAURIE DEVLIN,

      Plaintiff,

v.

HYATT CORPORATION d/b/a HYATT REGENCY DENVER AT THE CONVENTIONS CENTER,

      Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE**

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal

(the "Notice").  (ECF No. 1.)  In every case and at every stage of the proceeding, a

federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua*

*sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty.*

*of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that

jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP*

*Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  The party invoking

federal jurisdiction—here, the Defendant—bears the burden of proving that such

jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

In the Notice, Defendant avers that the Court may exercise jurisdiction over this

matter pursuant to 28 U.S.C. § 1332(a).  (ECF No. 1 ¶ 9.)  Section 1332(a)(1) states

that the "district courts shall have original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and is between . . . citizens of different States."  The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states.  (ECF No. 1 ¶¶ 2-3.)  The only issue here is whether there is sufficient evidence that the amount in controversy exceeds $75,000.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  This case arises out of a fall Plaintiff sustained while a guest at the Hyatt Regency in Denver, Colorado.  (Compl. (ECF No. 3) ¶ 7.)  Plaintiff seeks damages for physical and emotional pain and suffering, permanent disfigurement, permanent physical impairment, and loss of enjoyment of life.  (*Id.* ¶ 8.)  Plaintiff's Complaint does not contain a sum certain request for damages.

As the Complaint does not establish that the amount in controversy has been satisfied, the Court therefore must look to the Notice to determine if Defendant has "affirmatively established" the amount in controversy.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Martin*, 251 F.3d at 1289-90.

Defendant first points to the fact that Plaintiff's state court civil cover sheet alleges that this action is worth in excess of $100,000.  (ECF No. 1 ¶ 7; ECF No. 1-5.)  However, this Court has repeatedly held that the election of the value of a case on a civil cover sheet is insufficient to establish the amount in controversy.  *See, e.g.,*

*Humphreys v. American Family Mutual Insurance Co.*, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008).

The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). The only other allegation as to the amount in controversy is: "Upon information and belief, Plaintiff's claimed economic and non-economic damages amount to more than $100,000." (ECF No. 1 ¶ 7.) Defendant provides no evidentiary basis for its "good faith and reasonable belief that Plaintiff is seeking to recover more than $75,000." (*Id*. ¶ 8.) Given the presumption against subject matter jurisdiction, the Court finds that the Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of Denver, Colorado.

Dated this 10th day of October, 2013.

BY THE COURT:

William J. Martinez
United States District Judge